| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

HERBERT FEIST, §
§
      Petitioner, §
§
*versus* §    CIVIL ACTION NO. 1:24-CV-494
§
DIRECTOR, TDCJ-CID, §
§
      Respondent. §

## ORDER ADOPTING THE MAGISTRATE
## JUDGE'S REPORT AND RECOMMENDATION

Petitioner Herbert Feist, proceeding *pro se*, brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to the applicable laws and orders of this court. The magistrate judge entered a Report and Recommendation recommending dismissal of the petition as barred by limitations. To date, the parties have not filed objections to the Report and Recommendation.

The court received and considered the Report and Recommendation of United States Magistrate Judge pursuant to such referral, along with the record, pleadings and all available evidence. After careful review, the court finds that the findings of facts and conclusion of law of the United States Magistrate Judge are correct.[1]

---

[1] Additionally, it is noted that petitioner filed a previous petition for writ of habeas corpus in this court which remains pending at this time. *See Feist v. Director*, No. 1:24cv278 (E.D. Tex.) In the previous petition, petitioner raised claims he had completed his sentence, the revocation of his parole was improper, the alleged extension of his sentence was unconstitutional, his conviction was unconstitutional, and evidence was improperly destroyed. While petitioner appears to attack separate convictions in the two petitions, neither petition is a model of clarity. Thus, to the extent it may be interpreted that petitioner attempts to assert any of his previous claims in this petition, the claims are repetitious and successive of his other pending petition.

Accordingly, the Report and Recommendation of the United States Magistrate Judge (#4) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

Furthermore, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented by Petitioner are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certification of appealability. Thus, a certificate of appealability will not be issued.

**Signed this date**
**May 5, 2025**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE